NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0228n.06
Filed: March 30, 2005

No. 03-5606

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LPP MORTGAGE, LTD., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FREDERICK L. RADCLIFFE, JR., | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Appellee. | ) | |

Before:  GUY and SUTTON, Circuit Judges; CARR, District Judge.[*]

PER CURIAM.  Frederick Radcliffe sought bankruptcy protection under Chapter 7 and among other things claimed a property exemption in the amount of $6,000.  Invoking 11 U.S.C. § 522(f), he argued that the exemption allows him to avoid all of a judgment lien that LPP Mortgage, Ltd., holds against his house.  The district court agreed, and so now do we.

Radcliffe owns a $250,000 house in Louisville, Kentucky.  Over time, the following statutory and recorded liens (in order of priority) were placed on his property:  (1) an ad-valorem real-estate statutory tax lien in the amount of $15,000; (2) a first mortgage on the property for $180,000; (3)

---

[*] The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

a judgment lien (by LPP) in the amount of $112,418.35; and (4) a state statutory tax lien in the amount of $56,548.03.

In the course of his bankruptcy proceeding, Radcliffe claimed a property exemption of $6,000, which he sought to protect by moving the bankruptcy court to avoid the judgment lien of LPP to the extent that it impairs his exemption under 11 U.S.C. § 522(f). Section 522(f)(2)(A) establishes the following formula for determining when a lien impairs an exemption:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i)     the lien;
>
> (ii)    all other liens on the property; and
>
> (iii)   the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The bankruptcy court held that Radcliffe could avoid $48,418 of LPP's lien under the statute. In applying the formula, the bankruptcy court reasoned that it must consider state priority law in calculating the extent to which a lien impairs an exemption. As a result, it did not add all of the liens on the property to the calculation but only the liens senior to LPP's lien. The bankruptcy court also held that the calculation does not apply to statutory liens and thus excluded the $15,000 ad-valorem real-estate tax lien, even though it is senior to LPP's lien.

On appeal, the district court reversed. It held that the language of the statute does not accommodate state priority law. By its terms, the court noted, § 522(f)(2)(A) requires the exemption-impairment calculation to consider "all other liens," which includes liens that are senior to *and* junior to the lien at issue. The court also concluded that the statute did not draw a distinction between statutory and recorded liens and thus included the ad-valorem real-estate tax lien in the calculation. All of these calculations considered, the court concluded that Radcliffe could avoid LPP's lien in its entirety.

On appeal, LPP challenges two aspects of the district court's decision. It first argues that the calculation under § 522(f)(2)(A) must account for state priority law. It then argues that the calculation does not apply to statutory liens, such as the lien arising by operation of law from the failure to pay ad-valorem real-estate taxes.

Neither issue requires extensive discussion. Another panel of this court recently addressed the first issue in a published decision, and the parties agree that we are bound by that ruling. In *Brinley v. LPP Mortgage, Ltd.*, Nos. 03-5607/5653, 2005 U.S. App. LEXIS 4606 (6th Cir. Mar. 22, 2005), the court held that the straightforward language of § 522(f)(2)(A) does not permit courts to account for state priority law in making the exemption-impairment calculation. Adhering to that precedent, we reject LPP's argument that the state tax lien, though junior to LPP's lien, may not be considered in the calculation.

Turning to the second issue, we agree with the district court that the ad-valorem-tax lien was properly included in the calculation. Section 522(f)(2)(A) does not draw a distinction between statutory and recorded liens but instead refers expansively to "all other liens on the property." Making matters worse for LPP's argument, the Bankruptcy Code defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation," 11 U.S.C. § 101(37), a definition that applies equally to statutory and recorded liens. Because there is no dispute that a statutory lien arose in this instance by operation of law when Radcliffe failed to pay his real estate taxes, *see* Ky. Rev. Stat. § 134.420, and because this tax debt may be collected against him personally, the language of § 522(f)(2)(A) requires this lien to be included in the impairment-exemption calculation.

For these reasons, we affirm the judgment of the district court.